IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF PENNSYLVAIA

JOHN SHIKO
3987 Upper Road
Shamokin, PA 17872

             Plaintiff,

v.

MAURER & SCOTT, INC.
*d/b/a* Maurer & Scott Sales, Inc.
122 Thomas Street
Coopersburg, PA 18036

             Defendant.

CIVIL ACTION

No.: _____

**JURY TRIAL DEMANDED**

## CIVIL ACTION COMPLAINT

John Shiko (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) by and through his undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. Plaintiff has initiated this action to redress violations by Maurer & Scott, Inc. *d/b/a* Maurer & Scott Sales, Inc. of the American's with Disabilities Act, as amended ("ADA" – 42 U.S.C. §§ 12101 *et seq.*), the Age Discrimination in Employment Act ("ADEA" – 29 U.S.C. §§ 621 *et seq.*), and the Pennsylvania Human Relations Act ("PHRA").[1] As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff's claim under the PHRA is referenced herein for notice purposes. He is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff must however file his lawsuit in advance of same because of the date of issuance of his federal right-to-sue-letter under the ADA and ADEA. Plaintiff's PHRA claims however will mirror identically his federal claims under the ADA and ADEA.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.

3. This Court may properly assert personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

5. Plaintiff is proceeding herein under the ADA and ADEA after properly exhausting all administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety ("90") days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

## PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. Defendant Maurer & Scott, Inc. *d/b/a* Maurer & Scott Sales, Inc. (*hereinafter* referred to as "Defendant") is a corporation, located at the above-captioned address that offers blasting contractor services in Pennsylvania.

9. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the Defendant.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff is a 52-year-old male.

12. In or about 2006, Plaintiff began employment with Defendant as a full-time Truck Driver/Laborer and continued to work for Defendant through in or about August of 2016 when he voluntarily resigned.

13. Plaintiff's job responsibilities were labor intensive and included tasks of lifting and hauling heavy materials on job sites, and then transporting them to different sites by means of truck.

14. Plaintiff has and continues to suffer from disabilities, including but not limited to medical conditions related to his neck and shoulders.

15. Throughout Plaintiff's employment with Defendant, Defendant was well apprised of Plaintiff's long-term health conditions, as Plaintiff had six different corrective surgeries, titanium rods and screws inserted into his spine, multiple injections, life threatening health problems, and endured numerous debilitative conditions related to his neck and shoulders for many years that limited his ability (at times) to work.

16. Even though Plaintiff suffered from these aforementioned serious medical conditions and limitations, Plaintiff continued to work and remain certified as a truck driver during his employment with Defendant, enjoyed a good work history throughout his entire tenure with Defendant, and lacked any formal discipline.

17. Because of his positive performance and good work history with Defendant, Plaintiff was assured by Jerome Kostantewicz (President, *hereinafter* "Kostantewicz") in or about August of 2016 that he would be welcomed back to Defendant and eligible for rehire at his convenience when and if he decided to return to work.

18. After temporarily resigning from Defendant (as discussed *supra*), Plaintiff diligently remained certified (kept his CDL and HazMat licenses up-to-date) and also remained capable of driving trucks.

19. Plaintiff was aware that numerous other drivers that took time away from Defendant, either for personal reasons (similar to Plaintiff's situation) or even under bad terms were often reinstated at Defendant. For instance, a blaster named Jared Beers was rehired six months after voluntarily quitting.

20. In or about October of 2016, Plaintiff followed the normal practice of reinstatement and reached out to Calvin Shellheimer (Superintendent and Hiring Manager, *hereinafter* "Shellheimer") directly. Instead of being reinstated, as Plaintiff expected because of his good work history, up-to-date certification, and personal assurance from Kostantewicz, Plaintiff was told he could not come back to work ***specifically because of his neck problems*** (even though Plaintiff's disabilities do not prevent him from being able to work).

21. Shocked by his denial and determined to be reinstated, as promised by Kostantewicz, Plaintiff continued to follow-up numerous times with Defendant's management.

4

For example, Plaintiff called Joe Totani (Manager, *hereinafter* "Totani") to inquire about being re-hired but was informed that "his [Totani's] hands were tied" and that he "would love to hire him [Plaintiff] back" but Kostantewicz and Shellheimer would not allow it.

22.     In or about November of 2016, Plaintiff called John Melleck (Superintendent, *hereinafter* "Melleck") who worked at a different site from that of the one Plaintiff originally worked and told Plaintiff the same thing Totani had previously said (as discussed *supra*); that he "wished he could hire him" but Kostantewicz would not allow it.

23.     In or about February of 2018, Defendant advertised online for the same position Plaintiff had previously worked for over ten years. Plaintiff applied online, received notification that his job application materials were transmitted, and even though he is more than qualified for the position and had no prior performance discipline in the past, Plaintiff did not receive an interview and was never contacted by Defendant.

24.     To date, Plaintiff's attempts to be reinstated/re-hired with defendant have been ignored and he has not been permitted to return to work.

25.     Upon information and belief, Defendant has continued to hire and re-hire truck drivers/laborers that are younger in age than Plaintiff, far less qualified, and even those that originally left on bad terms (unlike Plaintiff who left on good terms and with assurances that he could come back whenever he was ready to do so).

26.     Therefore, Plaintiff believes and avers that he was denied employment/reinstatement because of his known, perceived, record of disabilities, and/or because of his age.

## COUNT I
### Violations of the American's with Disabilities Act, as amended ("ADA")
(Actual/Perceived/Record of Disability Discrimination)

27. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

28. In or about August of 2016, Plaintiff voluntarily resigned from Defendant with the clear understanding that he would be rehired/reinstated once he was ready to return to work.

29. Even though Plaintiff suffered from various disabilities and limitations, he was able to perform his job duties throughout his tenure with Defendant and diligently remained certified and capable of driving trucks during his time away from Defendant.

30. Defendant was well aware of Plaintiff's serious health conditions, and even so, Kostantewicz personally assured him as President for Defendant that his job would be reinstated when he requested it.

31. Despite Kostantewicz's assurance, Plaintiff was told by Defendant's Hiring Manager Shellheimer explicitly that he could not come back to work specifically due to his aforementioned medical conditions.

32. Therefore, Plaintiff believes and avers that he was not rehired/reinstated by Defendant because of: (1) his known and/or perceived health problems; and/or (2) his record of impairment.

33. These actions as aforesaid constitute unlawful discrimination and a failure to hire.

## COUNT II
### Violations of the Age Discrimination in Employment Act ("ADEA")
(Age Discrimination & Failure to Hire)

34. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

35. Plaintiff effectively performed his duties for Defendant for over ten years without any formal discipline or performance-related issues.

36. Upon information and belief, Plaintiff is aware of multiple drivers/laborers younger than him, with less experience and skill driving a truck who were rehired/reinstated with Defendant even if they left originally on bad terms (Plaintiff left on good terms).

37. Therefore, Plaintiff believes and avers that he was not rehired/reinstated with Defendant because of his advanced age.

38. These actions as aforesaid constitute unlawful discrimination and a failure to hire under the ADEA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to promulgate and adhere to a policy prohibiting discrimination in the future against any employee(s);

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increase, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C. Plaintiff is to be awarded punitive and/or liquidated damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for their willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress, pain, suffering, and humiliation); and

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

                    Respectfully submitted,

                    **KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
3331 Street Rd.
Two Greenwood Square, Suite 128
Bensalem, PA 19020

Date: June 21, 2018        (215) 639-0801

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

John Shiko                                                          CIVIL ACTION

v.

Maurer & Scott, Inc. d/b/a Maurer & Scott Sales, Inc.               NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| 6/21/2018 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 3987 Upper Road, Shamokin, PA 17872

Address of Defendant: 122 Thomas Street, Coopersburg, PA 18036

Place of Accident, Incident or Transaction: Defendant's place of business

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 6/21/2018    _____    ARK2484 / 91538
                   *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.  Federal Question Cases:**
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [X] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify):* _____

**B.  Diversity Jurisdiction Cases:**
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record or pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 6/21/2018    _____    ARK2484 / 91538
                   *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
SHIKO, JOHN

**(b)** County of Residence of First Listed Plaintiff: Northumberland
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS
MARUER & SCOTT, INC. d/b/a MAURER & SCOTT SALES, INC.

County of Residence of First Listed Defendant: Lehigh
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 340 Marine | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | / ☐ 550 Civil Rights | | | |
| | ☐ 448 Education / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); ADEA (29USC621)
Brief description of cause:
Violations of ADA, ADEA and the PHRA.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 6/21/2018
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

[ Print ]   [ Save As... ]   [ Reset ]